# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) Case No. 2:17CR00002<br>) |
| v. | ) **OPINION**<br>) |
| **VICTOR LEBRON,** | ) By: James P. Jones<br>) United States District Judge |
| Defendant. | ) |

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for United States; Victor Lebron, Defendant Pro Se.*

The defendant, Victor Lebron, proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255. The United States has filed a motion to dismiss, to which the movant has responded. For the reasons stated, I will grant the motion to dismiss and dismiss the § 2255 motion.

After pleading guilty to an Information, the defendant was sentenced by this court on March 27, 2017, to a term of 36 months imprisonment. The Information charged the defendant with possession of a prohibited object in prison, in violation of 18 U.S.C. § 1791(a)(2),(b)(3), and (d)(1)(B).

In his § 2255 motion, the defendant contends that an expunged incident report from an administrative investigation amounts to new evidence. He further asserts that his counsel was ineffective in failing to investigate and that had his

counsel investigated and advised him differently, he would not have pleaded guilty.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective assistance claims, however, are not lightly granted — "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686. To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's alleged deficient performance. *Id.* at 687. To satisfy the prejudice prong of *Strickland*, a defendant must show that there is a reasonable probability that, but

for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694.

Absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal quotation marks omitted). During his plea hearing, Lebron testified under oath that he was satisfied with his attorney's performance and that he was pleading guilty because he was, in fact, guilty. He testified that he understood he was waiving his right to collaterally attack his sentence except as to claims of ineffective assistance of counsel. He did not contest the prosecutor's recitation of the facts of his offense, including that he had defecated rubber balloons containing strips that were tested and shown to be Suboxone, a Schedule III controlled substance.

Lebron knowingly and intelligently waived his right to collaterally attack his sentence for reasons other than ineffective assistance of counsel, and this waiver covers the first ground asserted in his § 2255 motion. Even if he had not waived his right to collaterally attack his sentence, the expunged incident report would not amount to newly discovered evidence sufficient to undermine his conviction. Lebron has failed to show how the expunged report has any bearing on his guilt or innocence. He alleges that the report referred to the contents of the balloons as an

unknown substance rather than as Suboxone. Lebron argues that had counsel investigated, counsel would have discovered this inconsistency, which could have been used to impeach the person who wrote the report. According to Lebron, had he been advised of this inconsistency, he would not have pled guilty.

Lebron's arguments contradict the sworn testimony he gave at his plea hearing, wherein he admitted that the strips contained Suboxone. The incident report to which Lebron refers actually states that the strips from the balloons were sent to the Federal Bureau of Investigation for testing and that the strips tested positive for buprenorphine, the drug contained in Suboxone strips. An earlier report states that in-house testing conducted at the prison showed that the strips were positive for opium alkaloids. These two statements are not inconsistent. The later testing simply shows more specifically what substance the strips contained, a fact that could not be precisely determined by the earlier test. Counsel's alleged failure to note this supposed inconsistency does not amount to an unprofessional error under *Strickland* and did not prejudice Lebron.

For these reasons, the United States' Motion to Dismiss will be granted and the § 2255 motion will be dismissed. A separate final order will be entered herewith.

DATED: February 21, 2019

/s/ James P. Jones
United States District Judge